# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 17-0373-WS-B |
| ) | |
| WILLIAM S. POOLE, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the Government's Motion for Entry of Default Judgment (doc. 12). Defendant has repeatedly been placed on notice of the ongoing default proceedings against him, including the Clerk's Entry of Default and the Government's Motion itself; however, he has elected not to respond.

## I. Background.

On August 18, 2017, the United States of America filed a Complaint (doc. 1) against defendant, William S. Poole, Jr., in this District Court pursuant to 26 U.S.C. §§ 7401 *et seq.*, to reduce Poole's income tax liabilities to judgment. The Complaint alleged that Poole, a practicing attorney, had filed individual income tax returns for the tax years 2005 through 2013, but that he had failed to pay the taxes he reported as due on such returns. According to the Complaint, the Internal Revenue Service assessed against Poole the income tax liabilities he reported on his federal income tax returns, as well as penalties, statutory additions and interest. The Complaint further alleged that despite notice and demand for payment, Poole had neglected or refused to make full payment of the taxes due. On that basis, the Complaint sought entry of judgment against Poole in the amount of $323,371.90 as of July 1, 2017, for unpaid federal income tax liabilities, penalties, statutory additions, fees and interest, plus additional interest and statutory additions accruing post-July 1, 2017 through the date of judgment.

On August 31, 2017, Poole executed a Waiver of Service of Summons (doc. 4, Exh. A), wherein he acknowledged that he was required to file an answer or other responsive pleading

within 60 days after August 22, 2017 and that if he failed to do so, default judgment may be entered against him. Notwithstanding this valid Waiver of Service pursuant to Rule 4(d), Fed.R.Civ.P., Poole has never answered, defended or otherwise appeared in these proceedings.

Upon application by the Government, a Clerk's Entry of Default (doc. 6) was entered against Poole on October 24, 2017 pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead, answer or otherwise defend against this matter. The Clerk of Court mailed a copy of said Entry of Default to Poole at his service address from the executed Waiver of Service. Now, the Government moves for entry of default judgment, seeking judgment in the amount of $328,127.77 as of December 8, 2017, plus accruing interest and penalties according to law, for unpaid income taxes for tax years 2005 through 2013. This Motion for Entry of Default Judgment was served on Poole via United States Mail at the address he listed on the Waiver of Service form; therefore, he is plainly on notice of these default proceedings. Nonetheless, Poole has not responded to the Motion or otherwise made any attempt to be heard in opposition.

**II.     Analysis.**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of US and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment."). Nonetheless, it is firmly established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against him for nearly four months after executing a Waiver of Service, entry of default judgment may be appropriate. Indeed, Rule 55 on its face provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[1]

---

[1] *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party (Continued)

In short, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted). That is precisely what has happened here.[2] Despite executing a waiver of service back in August 2017, Poole never appeared, answered or defended against the Government's claims.

The law is clear, however, that Poole's failure to appear and the Clerk of Court's ensuing entry of default against him do not automatically entitle the Government to a default judgment in the amount requested, or any amount. After all, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d

---

is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

[2] To be sure, courts have generally required some notice to be given to a defendant between the time of service of process and the entry of default judgment. *See, e.g., International Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp.2d 256, 261 (D. Conn. 2004) ("Where a party fails to respond, **after notice** the court is ordinarily justified in entering a judgment against the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp.2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond to summons, complaint and motion for default judgment); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp. 129, 131 (N.D.N.Y. 19950 (defendant that had failed to answer or defend was properly notified of motion for default judgment). Here, however, the Clerk of Court has given Poole notice of the Entry of Default against him, and the Government has given Poole notice of its efforts to secure a default judgment. Accordingly, defendant is on notice that default proceedings are underway, yet he has chosen not to participate and defend himself. Given Poole's failure to appear, despite actual notice of this lawsuit, the deadline for filing a responsive pleading, the default entered against him, and the Government's efforts to obtain a default judgment, he is entitled to no further notice or opportunities to be heard at this time.

1353, 1357 (S.D. Ga. 2004); *see also Cotton States Mut. Ins. Co. v. Sellars*, 2008 WL 4601015, *5 (M.D. Ala. Oct. 15, 2008) ("the failure to defend does not automatically entitle a plaintiff to recover"); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

Review of the Complaint confirms that it does indeed assert sufficiently specific and detailed facts against Poole to state a cognizable claim for relief. In particular, the Complaint reflects that Poole filed federal individual income returns for the tax years 2005 through 2013 in which he reported certain sums being due and owing, but that he failed and refused to pay such reported tax obligations, even after notice and a formal demand for payment by the Internal Revenue Service. These factual allegations are sufficient to establish Poole's liability for the claim asserted by the Government. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues."). Thus, the legal effect of Poole's default in this case is that he has admitted all well-pleaded facts in the Complaint, the cumulative effect of which is to establish his liability to the Government.

Notwithstanding the propriety of default judgment, it remains incumbent on the Government to prove its damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Fun Charters, Inc. v. Vessel SHADY LADY, Official No. 681969*, 2015 WL 789751, *3 (S.D. Ala. Feb. 25, 2015) (same); *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). Even in the default judgment

context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[3]

Here, the Government's evidentiary showing is adequate to support its entitlement to damages in the amounts requested. Accompanying the Motion for Entry of Default Judgment is the Declaration of Vickie Salter (doc. 12-3), who is an Advisor for the Internal Revenue Service. The Salter Declaration compiles official IRS records documenting the assessments, payments and credits for Poole's outstanding federal individual income tax liabilities for the tax years 2005

---

[3] In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages …, the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show … damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."). Here, the Government does not request an evidentiary hearing, but instead utilizes affidavits and exhibits to prove up its damages in a sum certain.

through 2013. (Poole Decl., at Exh. B.) That Declaration also appends a spreadsheet reciting year-by-year calculations of the assessed tax amounts, delinquency penalties, and accrued interest for Poole's account, all as of December 8, 2017. That exhibit reflects that Poole's total unpaid tax assessed for the years 2005-2013 is $201,752.75, plus $43,837.96 in delinquent penalties and $82,537.06 in accrued interest, for a grand total of $328,127.77 as of December 8, 2017. (Poole Decl., at ¶ 9 & Exh. C.) These amounts have been established by a fair preponderance of the evidence, and are neither uncertain nor speculative. The Government has met its burden of showing a legitimate record basis for the amount of the judgment requested against Poole.

**III. Conclusion.**

For all of the foregoing reasons, the Government's Motion for Entry of Default Judgment (doc. 12) is **granted**. Default Judgment will be entered against Poole, in accordance with Rule 55(b), Fed.R.Civ.P., in the amount of **$328,127.77** as of December 8, 2017, plus accruing interest and penalties according to law, for unpaid income taxes for tax years 2005 through 2013.

The Clerk's Office is directed to mail a copy of this Order, and the accompanying Default Judgment, to defendant William S. Poole, Jr., 27181 AL Highway 25, Dayton, Alabama 36578-3146.

DONE and ORDERED this 28th day of December, 2017.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE